UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

March 21, 2006

| | |
|---|---|
| William Pittman<br>50301 SBI 633955A<br>Bayside State Prison<br>4293 Route 47<br>P.O. Box F-1<br>Leesburg, NJ 08327<br><br>*(Plaintiff, pro se)* | Marc D. Mory<br>Lynch Keefe Bartels, Esqs.<br>830 Broad Street<br>Shrewsbury, NJ 07702<br><br>*(Attorneys for Defendants Franklin and Ernest)* |
| Michael John Stone<br>The Stone Law Group<br>20 Glenview Drive<br>Warren, NJ 07059<br><br>*(Attorneys for Defendant McDuffy)* | William T. Connell<br>Dwyer, Connell & Lisbona, Esqs.<br>100 Passaic Avenue<br>P.O. Box 629<br>Fairfield, NJ 07004<br><br>*(Attorneys for Defendants Wilcznsky, Keane, Hehn, Borough of Metuchen)* |
| Gary Spagnola<br>Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan<br>1011 Route 22 West, Suite 300<br>P.O. Box 6881<br>Bridgewater, NJ 08807-0881<br><br>*(Attorneys for Defendant Therrien)* | Craig L. Corson<br>Hoagland, Longo, Moran, Dunst & Doukas, LLP<br>40 Paterson St.<br>P.O. Box 480<br>New Brunswick, NJ 08903<br><br>*(Attorneys for Defendant Rentenberg)* |

**Re:**    *Pittman v. McDuffy, et al.*
       <u>Civil Action No. 04-4505 (WJM)</u>

Dear Litigants:

      This Court is in receipt of Defendants' motions for summary judgment and Plaintiff's cross-motion for summary judgment. For the reasons stated below, Defendants' motions are

**GRANTED**, Plaintiff's motion is **DENIED**, and Plaintiff's complaint is **DISMISSED**.

*Factual and Procedural Background*

This is a § 1983 action in which pro se Plaintiff Pittman brought suit against Defendants for malicious prosecution, false arrest, and First Amendment violations stemming out of Pittman's August 21, 1999 arrest for criminal trespass. All nine Defendants have moved for summary judgment and Pittman has cross-moved for summary judgment.[1]

Pittman was arrested by Defendants Therrien, Ernest, and Franklin, all officers with the Borough of Metuchen Police Department, after the officers received a dispatch concerning a prowler in a woman's yard. According to the police reports, after receiving a warning from her neighbor, Mr. Lenartowicz, that a prowler was in her yard, a Mrs. Weinstein called the police for help. The three officers were dispatched to Mrs. Weinstein's house. As Officer Therrien drove towards the location, he pulled into a street one block parallel to the street from which the complaint came. There, he saw Pittman standing on the sidewalk. Upon seeing the police vehicle, Pittman fled, and after a short foot chase, was found hiding in the bushes behind a house directly abutting Mrs. Weinstein's house. Therrien placed Pittman under arrest.

Therrien then spoke with Mr. Lenartowicz, who stated he had been in his front yard when he saw a black male wearing dark clothing moving in and around the bushes of Mrs. Weinstein's house across the street. Mr. Lenartowicz stated he then saw the figure disappear behind the house, whereupon he called Mrs. Weinstein, who then called the police. After speaking with Mr. Lenartowicz, the officers took him to the police car, and Mr. Lenartowicz positively identified

---

[1] Defendants have submitted a joint brief in support of their motions.

Pittman as the individual he had seen earlier. Pittman was taken to jail and processed for criminal trespass.

On September 1, 1999, Pittman filed internal affairs complaints against Therrien, Franklin, and Ernest for harassment and filing false police reports in connection with the arrest. His complaint against Therrien also alleged racism. Allegedly, Pittman asked Therrien during the course of the arrest whether Therrien were a racist. In response, Pittman stated Therrien used foul language, agreed he was a racist, and called Pittman a loser.

Pittman also filed similar complaints against Sergeants McDuffy and Rentenberg, both of whom were allegedly involved in Pittman's charging. After a probable cause hearing, which was scheduled by Defendant Hehn, a judge found there was no probable cause for any of the complaints filed by Pittman, with the exception of the charge against Therrien for using course language. Following the hearing, Defendant Wilcznsky and a Sergeant Ayotte contacted Pittman on five different occasions over an eighteen month period so that the internal affairs department might proceed with the investigation. On all occasions, Pittman refused to participate, and the investigation went nowhere.

On June 7, 2001, a Grand Jury indicted Pittman for criminal trespass. After a bench trial, the presiding judge acquitted Pittman of the charges. On September 17, 2004, Plaintiff filed this Complaint against Therrien, Franklin, Ernest, McDuffy, Rentenberg, Wilcznsky, the Borough of Metuchen Police Department's Chief Keane, Hehn, and the Borough of Metuchen. Pittman's complaint alleged false arrest, malicious prosecution and violation of Pittman's First Amendment rights.[2]

---

[2] Pittman also generally alleges violations of the Ninth and Fourteenth Amendments.

*Standard of Review*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.; see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*False Arrest and Malicious Prosecution*

In his complaint, Pittman accuses Defendants of false arrest and malicious prosecution in connection with the August 21, 1999 arrest. Pittman cites the First, Ninth, and Fourteenth Amendments as the constitutional basis for his claims. Claims for false arrest and malicious prosecution, however, arise under the *Fourth* and Fourteenth Amendments. The Court will assume Pittman intended to include the Fourth Amendment as a basis for his pro se complaint.

To prevail on a claim for false arrest or malicious prosecution under § 1983, a plaintiff must prove that the police arrested and charged him without probable cause. *Groman v. Township of Manalapan,* 47 F.3d 628, 634 (3d. Cir. 1995); *Wright v. City of Philadelphia*, 409

F.3d 595, 604 (3d Cir. 2005). Probable cause exists if at the time of the arrest and charging, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964).

On the facts in the instant case, it is clear the officers had probable cause to arrest and charge Pittman. The officers were dispatched to Mrs. Weinstein's house following her complaint of a prowler. In driving to the location, Defendant Therrien saw Pittman standing on the sidewalk in an area directly abutting the house from which the complaint was made. Pittman fled upon seeing the police vehicle and was found hiding in nearby bushes. The officers spoke with Mr. Lenartowicz, who told them that he had observed a black man wearing a dark jogging suit, a description fitting Pittman. Afterward, Mr. Lenartowicz went over to the police vehicle and positively identified Pittman. Given these facts, no reasonable jury could find that the officers lacked probable cause to place Pittman under arrest and to bring charges against him. Moreover, a Grand Jury found probable cause to enter an indictment against him for criminal trespass. *See Trabal v. Wells Fargo Armored Service Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (stating that a Grand Jury indictment establishes probable cause by definition). As such, Pittman cannot sustain a claim for false arrest or malicious prosecution, and these claims are dismissed.

*First Amendment Claims*

Pittman also alleges Defendants violated his rights under the First Amendment. It is not immediately clear to the Court, however, what First Amendment rights Pittman refers to. If Pittman bases his First Amendment claim his right to free speech, the Court can only assume

5

Pittman refers to the aforementioned interaction with Defendant Therrien wherein Therrien claimed to be racist and called Pittman a loser. Even assuming arguendo Pittman intended to refer to this interaction, and assuming the interaction took place as described, Pittman points to no deprivation caused by any Defendant as a result. As such, this claim as on this ground fails.[3]

The Court also considers the possibility that Pittman refers to the First Amendment right to petition government and bases his claim on the closure of his internal affairs complaint. Assuming Pittman intended such a claim, it is undisputed that the internal affairs investigation was terminated because Pittman himself refused to participate in it following the probable cause hearing. In short, Pittman can sustain no First Amendment claim on these facts. It is therefore dismissed.

*Conclusion*

Pittman has failed to establish a genuine issue of material fact regarding any of his claims. As such, Defendants' motions for summary judgment are **GRANTED** and Pittman's motion for summary judgment is **DENIED**. Pittman's complaint is **DISMISSED** in its entirety.

                                                                    s/ William J. Martini  
                                                                    **William J. Martini, U.S.D.J.**

---

[3] The Court also considers the possibility that Pittman believes Defendants retaliated against him for asking Therrien if he were a racist by prosecuting him for a crime. Since the Court has determined Defendants had probable cause to arrest and prosecute Pittman, Pittman can claim no Constitutional violation on this basis.